UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 04-160 |
| | REF: CA 07-3060 |
| DARREN EARLYCUTT | SECTION "L" |

### ORDER & REASONS

Before the Court is the Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Rec. Doc. 370). For the following reasons, the Petitioner's motion is now DENIED.

### I. BACKGROUND

On May 28, 2004, a federal grand jury returned a six-count Indictment as to Darren Earlycutt ("Petitioner") and seven co-defendants related to a cocaine hydrochloride and cocaine base ("crack") conspiracy. The Indictment charged the Petitioner with conspiracy to distribute, and possess with the intent to distribute, fifty grams or more of crack and five kilograms or more of cocaine hydrochloride, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), and 846 (Count One), and with possession of two firearms in furtherance of a drug trafficking offense, in violation of Title 18, United States Code, Section 924(c) (Count Five). *See* Rec. Doc. 1.

On April 8, 2005, a two-count Superseding Bill of Information was filed as to the Petitioner. *See* Rec. Doc. 138. As to the Petitioner, the charges in the Superseding Bill of

Information were the same as set forth in the original Indictment, except for the removal of the cocaine hydrochloride object of the conspiracy.[1]  On April 27, 2005, pursuant to a plea agreement, the Petitioner waived his right to be charged by an Indictment and pled guilty to both counts of the Superseding Bill of Information.  In the Factual Basis executed in connection with the Petitioner's plea agreement, the Government and the Petitioner agreed and stipulated that the amount of cocaine he possessed with intent to distribute for sentencing purposes was between 150 and 500 grams of crack.  *See* Rec. Doc. 160.

On May 17, 2006, the Court sentenced the Petitioner to 137 months imprisonment as to Count One and 60 months imprisonment as to Count Two, to be served consecutively, with concurrent five-year terms of supervised release to follow as to each count.  At this time, the Court also dismissed the charges against the Petitioner contained in the original Indictment.  The Petitioner did not file a notice of appeal.

In the plea agreement, the Petitioner agreed to waive both his right to appeal his sentence and his right to contest his sentence in any post-conviction proceeding.  *See* Rec. Doc. 159. Nevertheless, on May 24, 2007, the Petitioner filed the present motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  The Petitioner raises three grounds for relief in his motion, all relating to the firearms charge.  His first claim is that his right to effective assistance of counsel was violated by his counsel's failure to object to the firearms charge.  His second claim is that his right to effective assistance of counsel was violated because his counsel convinced him that he had "no choice" but to plead guilty to Count Two.  His third claim is that

---

[1] The Superseding Bill of Information also corrected an error in the description of one of the weapons in the firearms count.

his right to effective assistance of counsel was violated by his counsel's failure to investigate and interview certain witnesses.

## II.     LAW & ANALYSIS

### A.     Evidentiary Hearing

An evidentiary hearing is not required on a motion to set aside a sentence if it appears conclusively from the record that the Petitioner is not entitled to relief.  *See Randle v. Scott*, 43 F.3d 221, 226 (5th Cir. 1995); *United States v. Plewniak*, 947 F.2d 1284, 1290 (5th Cir. 1991). Based upon a review of the entire record, it is the opinion of the Court that the motion filed by the Petitioner can be addressed without an evidentiary hearing.

### B.     28 U.S.C. § 2255

In *United States v. Wilkes*, the United States Court of Appeals for the Fifth Circuit held that "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." 20 F.3d 651, 653 (5th Cir. 1994).  The Fifth Circuit has noted, however, that ineffective assistance of counsel claims survive a waiver if "the claimed assistance directly affected the validity of [the] waiver or the plea itself."  *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

The relevant portion of the plea agreement provides as follows:

> Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal his sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255.  The defendant, however, reserves the right to appeal the following:  (a) any punishment imposed in excess of the statutory maximum, and (b) any punishment to the extent it constitutes an upward departure from the Guideline range deemed most applicable by the sentencing court.

*See* Rec. Doc. 159.

3

In this case, there is no dispute that the Petitioner's guilty plea and accompanying waiver of post-conviction relief were informed and voluntary.  At the rearraignment proceeding, the Court fully advised the Petitioner of the nature of the charges, the elements the government was required to prove in order to convict him, the rights he was giving up by pleading guilty, and the penalties he faced as a result of the charges.  The Petitioner indicated to the Court that he was voluntarily pleading guilty, and this testimony "carries a strong presumption of verity."  *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994).

Moreover, it is also clear that the claimed ineffective assistance did not directly affect the validity of the waiver itself.  Rather, the Petitioner essentially argues that his counsel should have advised against pleading guilty to the firearms charge.  In the plea agreement, the Petitioner waived his right to bring these post-conviction claims.  Accordingly, IT IS ORDERED that the Petitioner's motion is DENIED.

New Orleans, Louisiana, this 22nd day of   October  , 2007.

UNITED STATES DISTRICT JUDGE